UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| ONE HUNDRED THIRTY-NINE THOUSAND, FIVE HUNDRED AND EIGHTY DOLLARS ($139,580.00) U.S. CURRENCY, | ) ) ) ) |
| | ) |
| Defendant. | ) |

**VERIFIED COMPLAINT OF FORFEITURE**

Plaintiff, United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Stephen Casey and Kyle T. Bateman, Assistant United States Attorneys, for said district, and in a civil cause of action for forfeiture respectfully states as follows:

1. This is a civil action *in rem* brought by the United States seeking forfeiture of $139,580 in U.S. currency (the "defendant property") that was seized by the St. Charles County Regional Drug Task Force (hereafter, the "SCCRDTF") within the Eastern District of Missouri on February 6, 2017.

2. The defendant property is currently in the possession and custody of the United States within the Eastern District of Missouri.

3. As described more fully below, the defendant property is subject to civil forfeiture to the United States pursuant to Title 21, United States Code, Section 881(a)(6), and Title 18, United States Code, Section 981(a)(1)(A).

1

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to Title 28, United States Code, Sections 1345, 1355(a), and 1395.

5. Venue is proper pursuant to Title 28, United States Code, Sections 1355(b)(1)(B) and 1395(b) because the defendant property was found in the Eastern District of Missouri. Venue is also proper pursuant to Title 28, United States Code, Section 1395(c) because the defendant property is currently being held in the Eastern District of Missouri.

## STATUTORY FRAMEWORK

6. Title 21, United States Code, Section 881(a)(6), authorizes the civil forfeiture of "all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance…, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of [the Controlled Substances Act, Title 21, United States Code, Section 801 et seq]."

7. Title 18, United States Code, Section 1956(a)(1)(A) provides that whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity, with the intent to promote the carrying on of specified unlawful activity, commits a federal crime.

8. The term "specified unlawful activity" is defined at Title 18, United States Code, Section 1961(1)(D) to include, among other things, the "felonious manufacture, importation,

2

receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical."

9.      Pursuant to Title 18, United States Code, Section 981(a)(1)(A), any property, real or personal, involved in a transaction or attempted transaction in violation of Title 18, United States Code, Sections 1956 and 1960 or any property traceable to such property, is subject to civil forfeiture.

## FACTS GIVING RISE TO FORFEITURE

10.     On February 6, 2017, SCCRDTF Task Force officers were patrolling Interstate Highway 70 (I-70) as part of a Drug Enforcement Administration drug interdiction initiative.

11.     While on patrol, the officers observed a white Ford F-450 truck with a Tennessee license plate traveling west near Foristell, Missouri.

12.     Officers conducted a traffic stop of the vehicle for traffic violations.

13.     During the stop, officers identified the driver of the vehicle as Johnny Khamphengphet (hereinafter, "Khamphengphet").

14.     Khamphengphet provided officers with an expired insurance card, and told officers that he could not locate the registration paperwork for his vehicle. Khamphengphet appeared nervous and refused to make eye contact with officers.

15.     Khamphengphet told officers that he had a firearm and $20,000 or $25,000 U.S. currency in his vehicle. Khamphengphet told officers that he owned a paintless dent removal business, that he was headed to Kansas City, Missouri, and that the U.S. currency was for paying illegal workers of his business.

16.     A trained drug detection canine was deployed for a "free air sniff" of the vehicle. The canine gave an affirmative response to the presence of a controlled substance in the vehicle.

3

17. Khamphengphet gave officers consent to search the vehicle and all of its contents.

18. During a subsequent consent search, officers located a loaded firearm on the driver's floorboard, a "POLICE" reflective vest, syringes, vials that appeared to contain illegal steroids, and four large golf club cases. Two of the large golf club cases contained loose dryer sheets and marijuana remnants.

19. Officers located the defendant property inside a black backpack on the back seat. The defendant property was found in a plastic bag, rubber banded in set increments.

20. Khamphengphet provided a written statement to officers that he was being paid to transport the defendant property to Colorado.

21. Khamphengphet also provided a written disclaimer form stating that the defendant property does not belong to him.

## COUNT ONE – FORFEITURE
## 21 U.S.C. § 881(a)(6)

22. The United States incorporates by reference the allegations set forth in Paragraphs 1 to 19 above as if fully set forth herein.

23. The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) as moneys furnished or intended to be furnished in exchange for a controlled substance, or as proceeds traceable to such exchange, and as money used or intended to be used to facilitate any violation of the Controlled Substances Act.

## COUNT TWO – FORFEITURE
## 18 U.S.C. § 981(a)(1)(A)

24. The United States incorporates by reference the allegations set forth in Paragraphs 1 to 19 above as if fully set forth herein.

25. The defendant property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A)

4

as property involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956, or as property traceable to such property.

## COUNT THREE – FORFEITURE
## 18 U.S.C. § 981(a)(1)(A)

26. The United States incorporates by reference the allegations set forth in Paragraphs 1 to 19 above as if fully set forth herein.

27. The defendant property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) as proceeds traceable to a violation or attempted violation of 18 U.S.C. § 1960, or as property traceable to such proceeds.

## COUNT FOUR – FORFEITURE
## 18 U.S.C. § 981(a)(1)(C)

28. The United States incorporates by reference the allegations set forth in Paragraphs 1 to 19 above as if fully set forth herein.

29. The defendant property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) as proceeds traceable to a violation or attempted violation of 18 U.S.C. § 1952, or as property traceable to such proceeds.

## PRAYER FOR RELIEF

WHEREFORE, the United States of America prays that a Warrant for Arrest be issued for the defendant property and the defendant property be condemned and forfeited to the United States of America, in accordance with the provisions of law; and that the United States of America be awarded its costs in this action, and have such other relief as provided by law and the nature of the case may require.

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney

*/s/ Stephen Casey*
STEPHEN CASEY, #58879MO
KYLE T. BATEMAN, #996646DC
Assistant United States Attorneys
111 South Tenth Street, 20th Floor
St. Louis, Missouri 63102

## VERIFICATION

I, Task Force Officer, Patrick M. Welch, hereby verify and declare under penalty of perjury that I am an Task Force Officer with the Drug Enforcement Administration, that I have read the foregoing Verified Complaint in rem and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Task Force Officer of the Drug Enforcement Administration.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 11-3-17
(date)

*[signature]*

Patrick M. Welch
Task Force Officer
Drug Enforcement Administration

6